STEVENS (DAVIS v.). See Case No. 3,653.

## Case No. 13,396.

STEVENS v. ELDRIDGE et al.

[4 Cliff. 348.] [1]

Circuit Court, D. Massachusetts. May Term, 1876.

RAILROAD COMPANIES — SUIT BY BONDHOLDERS — PARTIES — JOINDER OF ROADS.

The New York & Boston Railroad issued bonds, and mortgaged its franchise and equipment for the payment of certain bonds issued, to raise funds to complete the road, to certain trustees. Afterwards the New York & Boston road united with the Boston, Hartford & Erie Railroad, and the two were known by that title. New trustees were appointed for the new road. Bill in equity by certain of the first bondholders of the New York & Boston road against both sets of trustees, to recover the amount, with interest, of the first bonds; to depose the second board of trustees; for the appointment of a receiver; and the naming, by the court, of new trustees. Held, that the relief claimed should have been sought by the trustees of the New York & Boston Railroad Company; that the complainant and others holding like interests, were the proper parties to bring suit for the removal of the trustees of the New York & Boston road, for misconduct, and for the appointment of others in their places.

Bill in equity [by Daniel B. Stevens against John S. Eldridge, Henry N. Farwell, and Mark Healey, trustees of the New York & Boston Railroad Company, and William T. Hart, and Charles P. Clark, trustees of the Boston, Hartford & Erie Railroad Company] to compel certain alleged trustees of the New York & Boston Railroad to account for and pay over to the complainant certain money they might have received from said road; that they might be removed, and others appointed in their places; and that a receiver might be appointed to receive and hold the alleged trust property; and that the alleged trustees of the Boston, Hartford & Erie Railroad might be restrained from exercising any further control over the said road. The bill alleged, in substance, that the New York & Boston Railroad was established December 30, 1862, and made a deed of trust of all its property and franchise from Brookline, Massachusetts, to Daysville, Connecticut, where it crossed the Norwich & Worcester Railroad, to Daniel S. Whipple, Hiram Allen, and John M. Wood, for the payment of a series of bonds and interest not exceeding $500,000, in order to build the road, and for paying pre-existing debts, entitling the bondholders to the security derived from the mortgage. That on December 30, 1862, the trustees issued a large amount of bonds as authorized, some of which were issued to the complainant; that by the proceeds thereof the road was built, and that the same were a lien on the road; that in 1864 the Boston, Hartford & Erie Railroad took possession of the Boston &

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

New York road, and ran and managed the two roads, which were then united; that thereupon Hart, Oliphant, and Clark were appointed trustees of the Boston, Hartford & Erie road, and at the date of the case continued to run and manage the same, and received the income and earnings, but refused to pay the Boston & New York bonds, although they were a prior lien on that road. That Eldridge, Farwell, and Healey succeeded Wood, Whipple, and Allen as trustees of the New York & Boston road, but that they had for a long time abandoned their trust, and suffered Hart, Oliphant, and Clark to usurp and manage the united roads, and that no interest was paid and no payments made on the bonds of the complainant. The bill charged that Eldridge, Farwell, and Healey should be removed and a receiver appointed. The bill was filed November 5, 1873. Healey appeared December 1, 1873, and filed an answer. Hart and Clark demurred to the bill January 5, 1874. On September 17, 1874, an order was passed that the bill be taken pro confesso as to Farwell. Service was made on Eldridge, and the cause was set down for hearing on demurrer. Amendments were made to the bill, and the decease of Oliphant was suggested November 3, 1875, and the order that the bill be no further prosecuted as to him was entered, and that it be taken as confessed as to Eldridge and Farwell. The hearing was upon the demurrer of Hart and Clark.

B. F. Butler, for complainant.

F. E. and F. H. Graves, for respondent Healey.

C. Allen and Lothrop, Bishop & Lincoln, for respondents Hart and Clark.

R. Olney, for respondent Eldridge.

CLIFFORD, Circuit Justice. The determination of the court is: That the complainant, under the allegations of the bill of complaint, is not the proper party to claim the relief therein prayed for. That the relief for the matters charged should be claimed by the trustees of the New York & Boston Railroad Company. That if the trustees have abandoned their trust, the first step of the complainants and others holding like interests is to take proper measures to cause new trustees to be appointed; or, if they have not abandoned their trust, but have been guilty of the neglect and misconduct alleged, the proper remedy of the complainant and others having like interests is, to take appropriate measures to cause them to be removed, and their places to be filled by others who will perform their duty to the complaining bondholders. That the trustees of the New York & Boston Railroad Company, and not the holders of the bonds issued by that company, are the proper parties complainant to seek redress from the Boston, Hartford & Erie Railroad Company for the grievances alleged in the bill of complaint. That the complain-

ant, suing for himself and others having like interests, is the proper party to maintain the suit as against the trustees of the New York & Boston Railroad Company, for the removal of those trustees for misconduct, and for the appointment of others, or for the appointment of new trustees in case it shall appear that the supposed trustees shall have abandoned their trust.

It is accordingly ordered that the demurrer to the bill of complaint as to William T. Hart and C. P. Clark, trustees of the Boston, Hartford & Erie Railroad Company, is sustained, and that the bill of complaint as to those respondents be and the same hereby is dismissed with costs but without prejudice; that the complainant has leave, if so advised, to amend the bill of complaint as to one or all of the other respondents; that the time of filing exceptions to the answer of Mark Healey is, in view of the circumstances, extended to the first Monday in July next, pursuant to equity rules Nos. 61 and 63.